IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALTON E. DEAN,

      Plaintiff,                    No. 2: 10-cv-1354 KJN P

     vs.

KELLI TONI, et al.,

      Defendants.           <u>ORDER</u>

                             /

        Plaintiff is a prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. On June 10, 2010, plaintiff consented to the jurisdiction of the undersigned.

        The Prison Litigation Reform Act of 1995 (PLRA) permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees; however,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is

1

>frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  The court now takes judicial notice[1] of the national pro se "three strikes" database, and the cases therein cited, which a Ninth Circuit committee has directed this court to access for PLRA three-strikes screening purposes.  In this database, plaintiff is identified as a litigant with no less than five strikes.[2]  The court herein lists the three cases which expressly state in the order clause that the respective case was being dismissed for failure to state a claim: 1) Dean v. Sullivan, 2:98-00717 LKK DAD P, 3/22/99 (action dismissed for failure to state a cognizable claim by Order, filed on March 22, 1999); 2) Dean v. Melching, et al.,1:00-5522 AWI DLB P (action dismissed with prejudice for plaintiff's failure to file a second amended complaint and failure to state a claim upon which relief may be granted by Order, filed on October 26, 2000); and 3) Dean v. Cavagnaro, et al., 1:09-0852 SMS P (action dismissed with prejudice for plaintiff's failure to state any claims upon which relief may be granted under section 1983 by Order filed on October 21, 2009).  Each of these cases was dismissed prior to the filing of the instant complaint on June 2, 2010.

        The court finds that plaintiff is precluded from proceeding in forma pauperis in this action unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To meet the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("it is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception under § 1915(g))"; see also,

---

[1] Judicial notice may be taken of court records.  Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

[2] Section 1915(g) applies to plaintiffs who are in custody as the result of a conviction or who have been detained for an alleged criminal law violation.  Andrews v. King, 398 F.3d 1113, 1122 (9th Cir. 2005).  Based on the allegations in the complaint, it appears that plaintiff is presently detained in the Sacramento County Jail for an alleged violation of criminal law.

1  Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001); Medberry v. Butler, 185 F.3d
2  1189, 1192-93 (11th Cir. 1999).
3        In the complaint, plaintiff alleges that on April 21, 2009, excessive force was used
4  to place him in a squad car, after which he was taken to the Sacramento County Jail.  Plaintiff
5  alleges that he was placed in a urine infested holding cell upon arriving at the jail.  These
6  allegations do not demonstrate that plaintiff suffered from an imminent danger of serious injury
7  at the time he filed the complaint on June 2, 2010.  Accordingly, plaintiff is barred by the three-
8  strikes provision of § 1915(g) from proceeding in this action in forma pauperis.  Plaintiff is
9  granted twenty-eight days to pay the filing fee.
10       Plaintiff has also requested the appointment of counsel.  The United States
11 Supreme Court has ruled that district courts lack authority to require counsel to represent
12 indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298
13 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of
14 counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.
15 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the
16 court does not find the required exceptional circumstances.  Therefore, plaintiff's request for the
17 appointment of counsel is denied.
18 ////
19 ////
20 ////
21 ////
22 ////
23 ////
24 ////
25 ////
26 ////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (Dkt. No. 7) is denied;

2. Plaintiff is granted twenty-eight days from the date of this order to pay the filing fee ($350); failure to pay the filing fee will result in the dismissal of this action;

3. Plaintiff's motion for the appointment of counsel (Dkt. No. 9) is denied.

DATED: July 20, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

dean1354.ord